IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT NEIL ANDERSON,

Petitioner,

v.

J.E. THOMAS,

Respondent.

CV. 09-1242-MA

OPINION AND ORDER

ROBERT A. WEPPNER
4110 S.E. Hawthorne Blvd. #127
Portland, Oregon, 97214-5246

Attorney for Petitioner

KENT S. ROBINSON
Acting United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon, 97204-2902

Attorneys for Respondent

MARSH, Judge

Petitioner, an inmate at FDC Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, seeking his reinstatement at a Residential Reentry Center (RRC) or his release

to home confinement. For the reasons set forth below, the petition is denied, and this proceeding is dismissed, without prejudice.

**BACKGROUND**

On February 9, 2005, petitioner was sentenced to a 78-month term of imprisonment, to be followed by a 4-year term of supervised release, pursuant to his guilty plea to Possession with Intent to Distribute Methamphetamine. United States v. Anderson, 04-CR-197-HA. Petitioner's projected release date is January 16, 2010.

On July 21, 2009, petitioner was transferred from FCI Sheridan to an RRC in Portland, Oregon, with the requirement that he participate in community-based substance abuse treatment program. On September 13, 2009, petitioner allegedly injured his back when he slipped on a wet floor. Habeas Petition at 3. Petitioner had pre-existing back injuries which allegedly were aggravated by the fall and RRC personnel refused to provide medical care. Id. Between the dates of September 13, 2009, and October 8, 2009, petitioner visited multiple emergency rooms and a medical clinic and received numerous medication prescriptions. Habeas Petition at 4-5.

On October 8, 2009, petitioner was transferred back to FDC Sheridan, at the direction of Kevin Straight, Contract Oversight Specialist at the Community Corrections Management Office. Mr. Straight explains his decision to transfer petitioner as follows:

> [O]n October 8, 2009, I was contacted by the Director for the Oregon RRC. She explained that since September 13, 2009, Mr. Anderson had received nine different prescriptions from six different hospital trips for alleged back pain, that was indicative of drug-seeking behavior. RRC staff believed that Mr. Anderson was being manipulative with his medical complaints as he frequently called or threatened to call for an ambulance, in order to get pain medication. RRC staff asked Mr. Anderson to try to find one medical provider instead of using Emergency Room facilities for his back issues, but he apparently refused to do so.
>
> * * * * *
>
> As the RRC staff appeared unable to manage Mr. Anderson because of his medical complaints, I believed returning him to a BOP facility with full-time medical staff would be a better way to manage him. I was concerned that RRC staff was unable to adequately assess the legitimacy of Mr. Anderson's medical complaints, versus the possibility that Mr. Anderson was being manipulative so he could get pain medication. The fact Mr. Anderson was participating in the RDAP was also a consideration as a history of drug or alcohol abuse is required before being admitted into the RDAP.

Straight Declaration at 3-4.

Petitioner alleges that his transfer from the RRC back to FDC Sheridan violated his rights to due process and to be free from cruel and unusual punishment. Petition at 8.

## DISCUSSION

Respondent moves to deny habeas corpus relief on the basis that (1) petitioner failed to exhaust his administrative remedies; (2) petitioner's claim that he has been denied adequate medical care is properly brought in a civil rights complaint;

(3) petitioner has no protected liberty interest to confinement in a particular correctional facility; and (4) petitioner fails to state a due process claim arising out of his transfer from the RRC to FDC Sheridan. As set forth below, I agree on all points.

**I. Exhaustion of Administrative Remedies.**

It is well settled that federal prisoners generally must exhaust their federal administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir. 1985). While the exhaustion requirement is not jurisdictional, its importance is well established.

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." Id. Finally, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Id.; United Farm Workers v. Arizona Agric. Employ. Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982).

Because exhaustion of administrative remedies prior to filing a § 2241 petition is not jurisdictional, it is not required where

the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void. United Farm Workers, 669 F.2d at 1253; see also Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official BOP policy and further appeal would almost certainly have been denied based upon the same policy).

Petitioner argues that exhaustion of administrative remedies should be waived in the instant proceeding because his attorney contacted Kevin Straight, at the CCM Office; and Deputy Regional Counsel Dennis Wong, at the Western Regional Office of the Bureau of Prisons, and was told that petitioner's transfer was within their discretion, and that petitioner had been transferred in order to assess him medically and psychologically. Petitioner argues that "it would be unrealistic to imagine that the results would be any different should [petitioner] file the same arguments *pro per* on BOP-approved forms.

I disagree. If petitioner exhausts his administrative remedies, the BOP may take action that would render this court's consideration of the constitutional issues unnecessary. There is nothing in the record demonstrating that the BOP's position is already set. On the contrary, Mr. Straight attests that he has

received reports indicating that "there are no psychological or medical impediments for [petitioner's] possible return to a RRC." Straight Declaration at 4. Moreover, petitioner's counsel attests that petitioner advised him that he has been informed that he will be released to an RRC in Eugene on or about November 11, 2009.

Similarly, I reject petitioner's assertion that exhaustion would cause irreparable injury because of his need for medical treatment. The two issues are not related. As noted above, petitioner complains that he was denied adequate medical care *while confined at the RRC.* Petitioner has made no showing that he has been denied constitutionally adequate medical treatment while confined at FDC Sheridan. Hence, petitioner's need for medical treatment does not provide a basis to waive exhaustion. See also Infra at Section II.

For all of these reasons, petitioner's habeas petition is dismissed for lack of exhaustion of administrative remedies. However, as discussed below, even if this court were to address the merits of petitioner's claims, they do not warrant habeas relief.

**II. Bivens Action[1] is Proper Remedy to Challenge Denial of Adequate Medical Treatment.**

Petitioner argues that pursuant to language in Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), he may bring a § 2241 habeas

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

petition to challenge the adequacy of medical treatment he is receiving and the right to be free from cruel and unusual punishment. The Ninth Circuit has held otherwise, explaining that a civil rights action is the proper method of challenging conditions of confinement. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Although the Supreme Court indicated in Preiser, that a prisoner "put under additional and unconstitutional restraints during his lawful custody,"[2] might arguably be able to challenge these additional restraints by way of habeas corpus, petitioner cites no cases extending this language to an Eighth Amendment medical claim. See Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (opining that under Prieser, habeas jurisdiction may extend to claims that *potentially* affect the duration of their confinement).

Accordingly, to the extent that petitioner seeks to challenge the adequacy of his medical care, at FDC Sheridan or at the RRC, he must bring a Bivens action against the responsible federal officials.

///

///

///

[2] 411 U.S. at 499.

**III. <u>No Due Process Right to Confinement in a Particular Facility</u>.**

Finally, I agree with respondent's assertion that petitioner has no due process right to remain at a particular correctional facility. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976). Further, petitioner cites no basis for concluding that his transfer was arbitrary or capricious, or violated statutory law. <u>See</u> 18 U.S.C. §§ 3621 & 3624. Accordingly, petitioner has failed to allege a due process violation.

**<u>CONCLUSION</u>**

Based on the foregoing, respondent's motion to dismiss (#7) is GRANTED, and petitioner's habeas corpus petition (#2) is DENIED, without prejudice.

IT IS SO ORDERED.

DATED this _9__ day of November, 2009.

_/s/ Malcolm F. Marsh_______
Malcolm F. Marsh
United States District Judge